UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN E. EVILSIZOR,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

Case No.  1:16-cv-1136

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-eight years of age on the date of the ALJ's decision. (PageID.105, 199.) He completed high school and was previously employed as a laborer in stores and as a grocery bagger.  (PageID.186, 380.)  Plaintiff applied for DIB on September 19, 2013, alleging disability beginning July 8, 2013, due to insulin dependant Type II diabetes, hypertension, sleep apnea, depression, arthritis, carpal tunnel syndrome, and crumbled and chipped bones in his right foot.

(PageID.199–200, 320–326.) Plaintiff's application was denied on December 10, 2013, and Plaintiff subsequently requested a hearing before an ALJ. (PageID.215–227.) On May 1, 2015, Plaintiff appeared with his counsel before ALJ Kenneth E. Ball for an administrative hearing at which time Plaintiff and a vocational expert (VE) both testified. (PageID.129–195.) On September 21, 2015, the ALJ issued an unfavorable written decision that concluded Plaintiff was not disabled. (PageID.105–128.) On July 29, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.41–46.) Thereafter, Plaintiff initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional

---

[1] 
1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Ball determined Plaintiff's claim failed at step five. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (PageID.110.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of right foot and ankle arthritis and tendinitis, diabetes with neuritis and recurrent foot ulcers, and obesity. (PageID.111.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.112.) At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform a range of sedentary work, as defined in 20 CFR 404.1567(a) and SSR 83-10, specifically as follows: lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for two hours out of an eight-hour workday with regular breaks; sit for six hours out of an eight-hour workday with regular breaks; push and pull within the weight limits indicated for lifting and carrying; no operation of foot controls with either leg; perform all postural activities occasionally, except no climbing of ladders, ropes, and scaffolds; must avoid concentrated exposure to extreme cold, extreme heat, and hazards such as unprotected heights, open bodies of water, moving mechanical parts of equipment, tools, or machinery, sharp objects, open flames, electrical current, radiation, explosives, and toxic, caustic chemicals; and no other exertional or nonexertional

limitations.

(PageID.112.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (PageID.120–121.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform work in the following representative jobs: bench assembler (130,000 national positions), inserter (125,000 national positions), and machine attendant (110,000 national positions). (PageID.186–189.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.122.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from July 8, 2013, the alleged disability onset date, through September 21, 2015, the date of decision. (PageID.122–123.)

## DISCUSSION

At the administrative hearing, Plaintiff testified that he was impaired to an extent far greater than as ultimately recognized by the ALJ. The ALJ provided the following summary of Plaintiff's allegations:

> As to the limitations caused by his impairments, he maintained he has difficulty ambulating and driving due to his impairments. He stated that he is unable to drive when he is wearing the immobilizer on his foot. He alleged he sometimes has difficulty gripping and grasping. The claimant described that he has to get up and walk around if he is sitting for more than 30 to 45 minutes. He claimed he is unable to stand for longer than 15 to 20 minutes, and he claimed he sometimes has difficulty sleeping.

(PageID.113.) The ALJ found that Plaintiff's allegations concerning the intensity, persistence and

limiting effects of his symptoms were less than fully credible. (PageID.114.) In his brief, Plaintiff asserts the ALJ erred when making this finding in two respects. First, Plaintiff claims the ALJ overemphasized his daily activities. Second, Plaintiff argues the ALJ failed to properly consider his lengthy work history as a factor supporting his credibility. After review, the Court finds no error.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and other limitations are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and

discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531). In making this finding, social security regulations note that the Commissioner will consider the following factors: (1) a claimant's daily activities, (2) the location, duration, frequency, and intensity of a claimant's pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken to alleviate pain and other symptoms, (5) treatment, other than medication, a claimant receives or has received for relief of pain or other symptoms, (6) any measure a claimant uses or has used to relieve pain or other symptoms, such as lying on one's back, shifting positions, or sleeping on a board, and (7) any other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 2016 WL 1119029, at *7 (S.S.A. Mar. 16, 2016).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) ("[i]t [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony")). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

1.     **Plaintiff's Daily Activities.**

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that agency rulings require that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. Here, the ALJ gave a lengthy explanation of his factual finding regarding Plaintiff's credibility. (PageID.113-115.) Included in this was a discussion of Plaintiff's daily activities, which appears as follows:

> The claimant has described everyday activities that include acting as a caregiver for an adult male, cook, perform some household chores, assist his wife who has a physical disability, shop with an electric scooter (Testimony an Ex. 1E). The claimant also reported that he is able to attend church, and attend community events once a month (Ex. 1E, p. 5). As noted above, the claimant acknowledged that he worked for portions of the period at issue. The treatment notes reveal the claimant admitted to his podiatrist that he was also able to work for six hours at a time without pain (Ex. 12F, p. 1). It appears that despite his impairment, he has engaged in a somewhat normal level of daily activity and interaction. The physical and mental capabilities requires to performing many of the tasks described above as well as the social interactions replicate those necessary for obtaining and maintaining employment.

(PageID.115.) Plaintiff does not disagree with the ALJ's characterization of his activities or otherwise argue that this discussion is unsupported by substantial evidence. Instead, in his first claim of error, Plaintiff alleges the ALJ overemphasized his activities of daily living. Specifically, Plaintiff claims the ALJ impermissibly equated Plaintiff's activities with an ability to perform full time work.

As noted above, a claimant's daily activities may be used to find that the claimant's allegations were not credible. *See* 20 C.F.R. § 404.1529(c)(3); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Walters*, 127 F.3d 525, 532 (6th Cir. 1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain.") But in *Rogers*, the Sixth Circuit cautioned that a claimant's "somewhat minimal daily functions" which in that case included the ability to drive, clean an apartment, care for dogs, do laundry, read, do stretches, and watch the news, were "not comparable to typical work activities." 486 F.3d at 248. The court further found that the ALJ had mischaracterized the extent of the claimant's abilities. *Id.* at 248–249. This is similar to the Seventh Circuit's decision in *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), which "criticized the failure of an ALJ to recognize differences between daily activity and activities in a full-time job." *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 174 n.12 (6th Cir. 2016).

Referencing the *Rogers* decision, this Court previously found error in a case where an ALJ cited Plaintiff's activities which included an ability to perform household chores, watch television, attend church and visit with family and friends, and then concluded that those activities "reflect an ability to do at least a limited range of light work on a sustained basis." *Tank v. Comm'r of Soc. Sec.*, No. 1:15-cv-900, 2016 WL 4974976, at *4 (W.D. Mich. Sept. 19, 2016). Plaintiff asserts the ALJ made the same error here.

There are a number of reasons why the Court finds the instant case is distinguishable. First of all, Plaintiff's activities in this case are much more extensive than were present in either the

9

*Rogers* or *Tank* decisions.  Here, Plaintiff is capable of caring for another adult individual who is completely dependent.  (PageID.140–141.)  Moreover, despite some "ambiguity" in the ALJ's discussion of Plaintiff's activities, on this record it is clear that the ALJ did not make a decision that Plaintiff could perform a range of sedentary work "based solely on activities of daily living" that would not be comparable to typical work activities.  *Ogg v. Comm'r of Soc. Sec.*, 2:14-cv-987, 2015 WL 4355116, at *5 (S.D. Ohio, July 16, 2015).  The fact that the above quoted paragraph is contained within a clearly defined credibility discussion signals that the ALJ referenced Plaintiff's activities for their permissible use of demonstrating that Plaintiff was less impaired than his testimony had alleged.  Finally, the ALJ later described what did constitute his reasons for finding Plaintiff was capable of performing a range of sedentary work.  He gave partial weight to the opinion of the consultative examiner, Dr. Lazzara.  (PageID.120.)  The ALJ found, however, that there were additional considerations that necessitated additional restrictions.  He found that Plaintiff's history of foot and ankle pain, as well as a history of ulcers called for greater restrictions on Plaintiff's ability to stand or walk, and that Plaintiff's obesity, neurities, and lower extremity pain called for additional postural and environmental limitations.  (PageID.120.)  The ALJ was acting well within in his authority in making this determination.

Accordingly, on this record, the Court finds that despite some imprecise language the ALJ did not equate Plaintiff's activities to an ability to perform work and instead permissibly referenced them as one of many considerations for finding Plaintiff's allegations to be less than fully credible.  Plaintiff's first claim of error is therefore rejected.

### 2. Plaintiff's Work History.

Finally, in his second claim of error, Plaintiff argues that his " work history and work ethic were credibility enhancers and should have been treated as such. As a result, Plaintiff should have been given substantial credibility and his testimony should have been believed." (PageID.818.) The Court finds no error.

"The Sixth Circuit has never held that a social security benefits claimant is entitled to a 'presumption of credibility.' It is the ALJ's function to determine credibility issues, and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination." *Barney v. Comm'r of Soc. Sec.*, No. 1:08–cv–1225, 2010 WL 1027877, at *4 (W.D. Mich. Jan. 20, 2010) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); and 20 C.F.R. § 404.1529), *report and recommendation adopted*, 2010 WL 1027867 (W.D. Mich. Mar. 18, 2010). Furthermore, "[t]he ALJ was not required to explicitly discuss [Plaintiff's] work history when assessing his credibility." *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016).

Here, Plaintiff is asking the court to re-weigh the ALJ's credibility decision and assign greater weight to those considerations weighing in his favor over those considerations weighing against. This court is not permitted to undertake such a task. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.") Plaintiff's history of noncompliance with prescribed treatment and activities of daily living were permissible

considerations for the ALJ to take into account when assessing Plaintiff's credibility. *See* 20 C.F.R. § 404.1529(c)(3). Moreover, the ALJ's conclusions regarding these factors are supported by substantial evidence. Plaintiff's claim of error thus fails.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED**.

A separate judgment shall issue.


Date:   July 23, 2017                          /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               CHIEF UNITED STATES DISTRICT JUDGE